Argued and submitted May 21, reversed and remanded with instructions
August 26, 1998

WILBUR-ELLIS COMPANY,
a California corporation,
*Appellant,*

*v.*

William HAWKINS
and Charlotte Hawkins,
dba Bar IV Ranch,
*Respondents.*

(9702-00985; CA A98910)

964 P2d 291

Sanford R. Landress argued the cause for appellant. With him on the briefs was Greene & Markley, P.C.

Roger Anunsen argued the cause and filed the brief for respondents.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

WOLLHEIM, J.

### WOLLHEIM, J.

Plaintiff appeals the trial court's order denying its motion to stay litigation pending arbitration. We review the order for errors of law, *Berger Farms v. First Interstate Bank*, 148 Or App 33, 41, 939 P2d 64 (1997), *rev den* 326 Or 62 (1998) , and reverse and remand with instructions to enter a stay of litigation pending arbitration.

Plaintiff is a California corporation qualified to sell agricultural chemicals and supplies in Oregon. Defendants are commercial farmers. Between October 1995 and July 1996, plaintiff sold defendants $50,210.45 worth of crop supplies and services on credit. In the credit application/sales agreement signed by defendants, plaintiff reserved the option to demand arbitration of any claims that might arise between them.[1]

By February 1997, despite plaintiff's demands, defendants' bill remained unpaid and plaintiff initiated an action in Multnomah County to recover the monies due it. Defendants, however, counterclaimed for $144,982.00, alleging that plaintiff's untimely application of inappropriate fertilizer to defendants' crops resulted in substantial loss. In April 1997, the parties suspended litigation efforts and agreed to submit their dispute to mediation. In preparation, each exchanged documents and deposed the other's principal witnesses. Mediation, however, failed to resolve the parties' differences. Plaintiff subsequently commenced an arbitration action with the American Arbitration Association and filed a motion with the trial court to stay the litigation. At the hearing on plaintiff's motion to stay, plaintiff offered to waive the arbitration location—slated by written agreement for Seattle—in favor of Portland. The trial court, however, denied plaintiff's motion and this appeal followed.

---

[1] The arbitration clause provided:

"In addition, the undersigned agrees that at its option [Plaintiff] may decide that any controversy or claim arising out of or relating to this account will be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. Arbitration shall be held in Seattle, Washington, and any questions of law shall be decided in accordance with the laws of the State of Washington."

Plaintiff's only assignment of error is that the trial court erred when it denied its motion to stay the litigation pending arbitration. Plaintiff begins its argument by asserting that the Federal Arbitration Act (FAA), 9 USC §§ 1-16,[2] controls here, and we agree. The FAA's broad textual reference in section 3 to its applicability in "any of the courts of the United States" encompasses both state and federal courts. *Berger Farms*, 148 Or App at 40.

■ Plaintiff further contends that it did not waive its right to arbitrate by filing a complaint in state court against defendants. In response, defendants argue that by electing to litigate when arbitration was an option, plaintiff's ability to arbitrate the issues at a later date was effectively foreclosed. In defendants' eyes, the issues were no longer referable to arbitration because they had been already consigned to the trial court. Unfortunately, defendants cite no case law for this proposition, and we are aware of none. By requiring a court to compel arbitration "on application of one of the parties" rather than "one of the defendants," section 3 of the FAA contemplates that plaintiffs, as well as defendants, may stay litigation in order to arbitrate. *Freeman v. Complex Computing Co., Inc.*, 931 F Supp 1115, 1118 (SDNY 1996), *aff'd in part and rev'd in part* 119 F3d 1044 (2d Cir 1997). In addition, nothing in the FAA implies that the statute is applicable only when arbitration is the exclusive and mandatory remedy between parties. *Howard Fields & Associates v. Grand Wailea Co.*, 848 F Supp 890, 896-97 (D Hawaii 1993).

■ The FAA implements federal policy heavily weighted to favor enforcement of arbitration agreements. *Id.* Conversely, finding a waiver of arbitration rights between parties is disfavored, and any party so arguing "bears a heavy burden." *Fisher v. A.G. Becker Paribas Inc.*, 791 F2d 691, 694

---

[2] Plaintiff's argument revolves primarily around section 3 of the FAA:

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

(9th Cir 1986). In light of this policy, "a party does not waive arbitration merely by engaging in action inconsistent with an arbitration provision." *ATSA of Cal., Inc. v. Continental Ins. Co.*, 702 F2d 172, 174 (9th Cir 1983). Rather, the party seeking to prove waiver must show: (1) the adverse party had knowledge of an existing right to compel arbitration; (2) the adverse party acted inconsistently with that right; and (3) the action resulted in prejudice to the party opposing arbitration. *Fisher,* 791 F2d at 694.

Neither party here contests the notion that plaintiff had knowledge of its right to arbitrate and that filing a complaint in circuit court was inconsistent with that right. Prejudice derives, defendants assert, from the additional travel expenses of arbitrating in Seattle rather than litigating in nearby Multnomah County. At the hearing below, however, plaintiff made clear it would waive the location clause in its agreement for arbitration in Portland and reiterates that position on appeal. Although some additional expense has been borne by both parties through limited discovery and mediation, we note that no issues have been litigated, and the discovery conducted will be usable in arbitration. *See, e.g., Stifel, Nicolaus & Co. v. Freeman*, 924 F2d 157, 159 (8th Cir 1991) (where no issues have been litigated and only limited discovery conducted, a defendant is not prejudiced when plaintiff opts for arbitration after invoking judicial process). Without more, and with plaintiff's concession on the site of arbitration, we conclude that defendants have failed to show sufficient prejudice to hold that plaintiff waived its rights to arbitration. The trial court erred when it refused to stay the parties' litigation.

Reversed and remanded with instructions to enter a stay of litigation pending arbitration.